UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CHRISTOPHER JOSEPH,

                Plaintiff,

      - against -

CITY OF NEW YORK; EMTC WARDEN S.
BASTIAN; C.O. DOUGLAS; and EMTC
MEDICAL STAFF,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-1676 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Christopher Joseph, currently incarcerated at the Fishkill Correctional Facility, initially filed this *pro se* civil rights action on April 1, 2020. (Dkt. 1.) After this Court reviewed his complaint pursuant to 28 U.S.C. § 1915A, and granted him leave to amend, Plaintiff filed an amended complaint on May 26, 2020. (Amended Complaint ("Am. Compl."), Dkt. 6.) For the reasons contained herein, the Court dismisses Plaintiff's claim as to Defendant City of New York ("the City") for failure to state a claim upon which relief may be granted. Plaintiff's claims against Defendants Warden S. Bastian, Correction Officer ("C.O.") Douglas, and the Eric M. Taylor Center ("EMTC") Medical Staff may proceed. To the extent that Plaintiff seeks to have this Court order the criminal prosecution of C.O. Douglas as a remedy for his civil rights claim, that claim is dismissed.

# BACKGROUND[1]

Plaintiff initiated this action after experiencing multiple instances of C.O. Douglas physically and "sexually abus[ing]" him from April 1, 2019 to May 21, 2019, while Plaintiff was incarcerated at the Rikers Island Correctional Facility's Eric M. Taylor Center. (*See* Am. Compl., Dkt. 6, at 3.)  Additionally, on April 11, 2020, unnamed medical staff would not assist Plaintiff after being informed of the assaults, and on April 15, 2020 Warden S. Bastian, in response to Plaintiff reporting his allegations, told Plaintiff that he was "playing with fire and to get back to work." (*Id.*)

On May 5, 2020, pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), this Court reviewed Plaintiff's initial complaint. *Joseph v. N.Y.C. Dep't of Corrs.*, No. 20-CV-1676 (PKC) (LB), 2020 WL 2128860, at *1 (E.D.N.Y. May 5, 2020).  The Court found that Plaintiff had pleaded sufficient facts for his claims against the individually named Defendants to proceed. *Id.* at *4–5.  However, the Court dismissed the New York City Department of Corrections as a non-suable entity, *id.* at *2–3, and granted Plaintiff "leave to file an amended complaint adding the City of New York as a defendant and alleging, if applicable, facts establishing whether Warden Bastian was the final policymaking authority for complaints at the Eric M. Taylor Center," *id.* at *6.

On May 26, 2020, Plaintiff filed an amended complaint naming the City as a defendant. (Amended Complaint ("Am. Compl."), Dkt. 6, at 1.)  Plaintiff's allegations against the individually named Defendants remain the same. (*Compare* Complaint, Dkt. 1, at 3–5, *and* Am. Compl., Dkt. 6, at 2–5.)  Additionally, Plaintiff notes in his amended complaint that in addition to monetary

---

[1] For purposes of this Memorandum & Order, the Court assumes the truth of Plaintiff's non-conclusory, factual allegations. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

compensation, as a form of relief, he "would also like to see Officer Douglas arrested an[d] prosecuted for his crimes." (Am. Compl., Dkt. 6, at 5.)

## LEGAL STANDARD

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Title 28 of the United States Code, § 1915A, requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

In his amended complaint, Plaintiff names the City as a Defendant.[2] (Am. Compl., Dkt. 6, at 2.) A municipality "can be held liable under section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Doe v. City of New York*, No. 18-CV-670 (ARR) (JO), 2018 WL 3824133, at *8 (E.D.N.Y. Aug. 9, 2018) (citing *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012)); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).

> There are four types of practices that permit a § 1983 suit against a municipality: (1) a formally adopted municipal policy; (2) the actions or decisions of a municipal official with final policymaking authority; (3) "a practice so persistent and widespread that it constitutes a custom or usage"; and (4) "a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference."

*Doe*, 2018 WL 3824133, at *8 (quoting *Cordero v. City of New York*, 282 F. Supp. 3d 549, 563 (E.D.N.Y. 2017)).

Here, Plaintiff fails to plead sufficient factual allegations to establish any of these four types of practices. In support of his claim against the City, Plaintiff alleges that "New York City has hired staff for [c]are[,] [c]ustody, an[d] [c]ontrol. I was being sexually abused. I was held on a parole warrant and a [misdemeanor]. I should not have been outside Clearance. I also filed a Complaint with New York City's Comptroller." (Am. Compl., Dkt. 6, at 3.) He further notes that he "spoke with Warden S. Bastian. I told him what was happening. He told me that I'm playing with fire an[d] to go back to work." (*Id.*)

---

[2] As discussed *infra*, Plaintiff's allegations against the individually named Defendants in his initial and amended complaints are materially the same. The Court relies on, and incorporates by reference, its prior decision permitting those claims to proceed. *Joseph*, 2020 WL 2128860, at *6. Therefore, the Court only addresses Plaintiff's claim against the City and Plaintiff's newly added request for the Court to have C.O Douglas criminally prosecuted as a form of relief.

These claims do not provide a sufficient basis for municipal liability. Plaintiff has not pleaded that his injuries were a result of a formally adopted municipal policy or a result of a practice so persistent and widespread that it constitutes a custom or usage. *See Doe*, 2018 WL 3824133, at *8. Moreover, although he brings claims against Warden Bastian, Plaintiff fails to allege facts from which to infer that the warden was a final policymaking authority or official policymaker such that municipal liability would be appropriate. *See id.* "Whether the official in question possessed final policymaking authority is a legal question, which is to be answered on the basis of state law." *Graham v. City of New York*, No. 05-CV-5428 (CBA) (JMA), 2009 WL 909620, at *2 (E.D.N.Y. Mar. 31, 2009) (citing *Jeffes v. Barnes*, 208 F.3d 49, 57–58 (2d Cir. 2000)). "[I]t is Plaintiff's burden to establish that the municipal official whose conduct is in question represents an official policymaker involved with and responsible for promulgating municipal policy." *Peterson v. City of New York*, No. 10-CV-7283, 2018 WL 5811432, at *6 (S.D.N.Y. Nov. 6, 2018). "The official in question need not be a municipal policymaker for all purposes. Rather, with respect to the conduct challenged, he must be responsible under state law for making policy in that area of the municipality's business." *Stern v. City of New York*, No. 12-CV-5210 (NGG) (RER), 2015 WL 3827653, at *4 (E.D.N.Y. June 19, 2015) (internal quotation marks, citation, and emphasis omitted). Wardens are not necessarily policymakers such that their decisions can support municipal liability under *Monell*. *See, e.g.*, *Graham*, 2009 WL 909620, at *2 (finding that the record needed to be supplemented to determine whether wardens were policymakers). Plaintiff does not allege any facts about Warden Bastian's role at the Eric M. Taylor Center, nor any facts as to whether Warden Bastian was the final policymaking authority for inmate complaints at the Center. The Court, therefore, finds that Plaintiff has not alleged

sufficient facts to state a plausible claim for relief, *see Iqbal*, 556 U.S. at 678, and dismisses Plaintiff's claim against the City.³

The Court also dismisses Plaintiff's claim against Defendant C.O. Douglas to the extent that he asks the Court to prosecute the C.O. for his alleged crimes as that is not relief that this Court can provide. *Cf. Wayte v. United States*, 470 U.S. 598, 607 (1985) ("In our criminal justice system the Government retains broad discretion as to whom to prosecute. . . . This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." (internal quotation marks and citations omitted)).

## CONCLUSION

For the reasons stated herein, Plaintiff's claim against the City of New York is dismissed. The individual claims against Defendants Warden S. Bastian, C.O. Douglas, and the EMTC medical staff may proceed. To the extent that Plaintiff seeks to have this Court direct the criminal prosecution of C.O. Douglas, that claim is dismissed. The Clerk of Court is respectfully directed to prepare a Summons for these individual defendants. The United States Marshals Service is respectfully directed to serve the Summons and Complaint on Defendants as soon as practicable after the Chief Judge of the Eastern District of New York lifts the suspension of service by the United States Marshals Service. As provided for in Administrative Order No. 2020-19, the time from March 18, 2020 to June 15, 2020 is excluded from the 90-day period to accomplish service mandated under Federal Rule of Civil Procedure 4(m), as is any other period of exclusion ordered after June 15, 2020 via Administrative Order of the Chief Judge.

---

³ However, as discussed and as the Court has previously found, Plaintiff's § 1983 claim against Warden Bastian individually will proceed. *Joseph*, 2020 WL 2128860, at *6.

The Clerk of Court is also respectfully directed to send a courtesy copy of this Order to the Special Litigation Division of the Corporation Counsel.  As previously ordered, the Court respectfully requests Corporation Counsel to attempt to ascertain the full names of the John or Jane Doe EMTC Medical Staff who treated Plaintiff on April 11, 2019 by July 6, 2020.  *See Valentin v. Dinkins*, 121 F.3d 72, 75–76 (2d Cir. 1997).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 12, 2020
       Brooklyn, New York